WILLIAMSON v. WARD et al.

(Court of Civil Appeals of Texas. San Antonio. May 10, 1911.)

APPEAL AND ERROR (§ 742*)—STATEMENT OF FACTS—NECESSITY.

An assignment of error to finding of insufficient damages is not reviewable, in the absence of a statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

Appeal from District Court, Matagorda County; Wells Thompson, Judge.

Action by George E. Williamson against R. E. Ward and another. From the judgment, plaintiff appeals. Affirmed.

Thos. H. Lewis and Lewis R. Bryan, for appellant. Proctor. Vandenberge, Crain & Lewright and R. R. Lewis, for appellees.

FLY, J. Appellant instituted this suit against R. E. Ward and the Ward Cattle Company to recover of them certain rents and damages alleged to be due him, and also prayed for a writ of injunction to restrain them from breaking and destroying his gates and fences. The cause was submitted on special issues to a jury, and on the answers returned thereto a judgment was rendered in favor of appellant for $1,411.25, for the possession of certain land, against appellant on his plea for damages, actual and exemplary, against appellees on their cross-action, and an injunction restraining appellees from interfering with the gates and fences of appellee was granted and perpetuated. There is no statement of facts accompanying the record, and under the caption "Statement of All Material Facts from the Record" appellant sets out in substance the matters plead-

ed in the petition, the answer, a contract attached to the answer, purporting to have been signed by appellant and R. E. Ward, an unsigned agreement, also attached to the answer, special issues submitted to the jury, and the judgment of the court. The statement is one, of course, of the nature and result of the suit, and not facts.

The first assignment of error is: "The court erred in refusing to enter judgment for plaintiff for the total sum of $1,653.94, as being the correct amount due plaintiff on January 26, 1910, with 6 per cent. interest thereon from this date, and in overruling plaintiff's motion requesting court to enter such judgment." The statement under the assignment is: "See Statement of All Material Facts from the Record, given in this brief, pp. 2 to 26." The statement referred to is the one mentioned of the nature and result of the suit, and, of course, throws but little light upon the subject. It would be an utter impossibility for this court, in the absence of a statement of facts, to ascertain whether the jury found for a sufficient amount or not.

The second and third assignments of error are like unto the first, and must be disposed of in the same way.

The fourth and fifth assignments of error have been abandoned in terms in the supplemental brief filed by appellant, and under the sixth assignment of error is the proposition that, the allegations and the finding of the jury showing what amount was due to appellant by appellees, the trial court should have rendered judgment in favor of appellant for that amount. No reference is made to any particular finding relied on, but this court is referred to the statement of the nature and result of the suit, which covers 24 pages of the brief. We fail to discover any such finding by the jury, and, on the other hand, they found in effect that the contract had been breached by appellant, on account of his failure to lease the Honnell tract of 1,943 acres, and that with that tract the market lease value of the land was 20 cents an acre and without it was only 10 cents an acre. So they found for 20 cents an acre until January 1, 1908, for which time the Honnell land was controlled by appellant, and for the remainder of the time for 10 cents an acre. They found that appellant had agreed to rent the Honnell land for 12 months, but he had no authority to rent it for more than about 6½ months. There was no distinct finding that any written contract was executed by the parties, although it may be inferred. In the verified answer of the cattle company it was denied that it had ever executed any contract with appellant. It was also set out in the answer that the inclusion of the Honnell tract was a material inducement to the making of the contract by

R. E. Ward with appellant, and the breach of the contract by appellant. The jury sustained the allegations.

Appellant prayed for a cancellation of the lease, and sought to recover rent only for $1,500, and now in this court wants $2,024.73, and claims that $194.04 should be added to the sum of $741.52 found by the jury. How he gets that additional $194.04 we do not know; the only light shed on it being the statement: "Ten cents per acre additional from January 1 to June 14, 1908, $194.04." What acres are referred to we are left to surmise; but, if it is the 1,943 acres of the Honnell tract, it cannot be added, because appellant had no control over it from January 1 to June 14, 1908, and appellees owed him nothing for it.

The judgment is affirmed.